AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__BOBBY DWAYNE WARREN__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   1:07 mj 109/ 1:07cr35 85

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 2252(a)(1)(a)(4)__.
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Date | *Signature of Judge* |
|---|---|
|  | Dennis L. Howell, United States Magistrate Judge |
|  | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr35

UNITED STATES OF AMERICA,

Vs.

BOBBY DWAYNE WARREN.

ADDENDUM TO
DETENTION ORDER

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

- **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
- **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve at least two minor children.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. Images of child pornography were transported by means of a computer that was located in the home where the defendant resided.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, he has employment, financial resources and a long length of residence in the McDowell County community. The defendant has no history relating to drug or alcohol abuse. The defendant's criminal history shows that he was convicted in McDowell County District Court on August 28, 2000 of misdemeanor assault on a female and misdemeanor communicating threats. The defendant does not have any further criminal record.

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that a presumption exists that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community due to the fact that there is probable cause to believe that the defendant committed an offense which involved a minor victim under 18 U.S.C. § 2252(a)(1). The presumption in this matter as to the defendant being a danger to any other person or the community has not been rebutted. There was introduced into evidence in this matter the affidavit of Andrew F. Graftin, Special Agent with the FBI, that was submitted in support of the issuance of a criminal complaint. In the affidavit, Agent Graftin describes that the defendant used the computer screen name of "Babylover2". In the computer conversations described in the affidavit, the defendant indicates that he has access to a 15 month old daughter every other weekend. The defendant further described that many things could be done with an infant within a short period of time, including "many, mnay, many fotos". Agent Graftin further testified that the defendant was subject to an investigation from the state of Florida concerning in excess of 90 images and two video tapes that the defendant

had transmitted from North Carolina to Florida which involve pornographic materials showing images of minor children. This evidence, the undersigned considers as being clear and convincing evidence that the release of the defendant could create a risk of harm or danger to any other person or the community.

The undersigned finds that the presumption that the defendant would be a risk of flight has been rebutted by the evidence presented by the defendant which indicates that the defendant has resided, during his lifetime, in McDowell County, NC.

Based upon the foregoing, the undersigned concludes that the defendant should be detained pending further orders entered in this matter.

WHEREFORE, it is ORDERED that the defendant be detained pending further proceedings in this matter.

Signed: October 10, 2007

Dennis L. Howell
United States Magistrate Judge