# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-CR-85

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BOBBY DEWAYNE WARREN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned, pursuant to a motion filed by David Belser, attorney for the defendant, entitled "Motion to Reconsider Detention Order" (#13). It appearing to the court at the call of this matter on for hearing that the defendant was present with Mr. Belser, and the Government was present through Assistant United States Attorney, Don Gast. The defendant presented evidence and at the close of the defendant's evidence Mr. Gast moved to dismiss the motion of the defendant for failure of the defendant to show that the evidence presented by the defendant was information that was not known to the defendant at the time of the original detention hearing in this matter and that had a material bearing on the issue of whether there are conditions of release that would reasonably assure the appearance of the person as required and the safety of any other person and the community as required by 18 U.S.C. § 3142(f)(2).

**Findings:** The defendant was originally charged in this matter in a criminal complaint with possessing films or materials or other matters which contained visual

depictions of a minor engaging in sexually explicit conduct, including by computer, in violation of 18 U.S.C. § 2252(a)(4). The evidence showed that the defendant participated in an internet conversation with a person that he thought was a person who was interested in either obtaining or disseminating child pornography. In fact, the person was an Australian Federal Police Officer. A transcript of the conversation showed that the defendant used the internet name of "babylover2". In the conversation, the defendant described his enjoyment of this type of pornography and that he had access to a child age one year and three months. The criminal complaint further provided a description of images that the defendant had sent on the internet which described disturbing images of infants under age three years old in sexually explicit poses.

On October 1st, the undersigned held a detention hearing for the defendant and after the presentation of evidence, entered a written order detaining the defendant setting forth the findings made by the undersigned which supported the detention of the defendant. The Order of Detention Pending Trial (#10) and the addendum thereto are incorporated herein by reference as if fully set forth herein. On October 18, 2007 the defendant filed his Motion to Reconsider Detention Order (#13). In the motion, the defendant cited that his parents were willing to post parcels of real property in McDowell County, NC to secure his bond and that the defendant's employer had a job available for the defendant. The defendant further alleged that his computers had been seized and that he agrees to refrain from any internet access. The undersigned heard evidence through a proffer made by the defendant's counsel

and also through testimony from his mother, Phyllis Warren. Mrs. Warren testified that her home had a tax valuation of $88,250.00 and that there were no debts that would constitute liens that were due and owing. The defendant's mother advised that the defendant could reside with her and that she would act as his custodian. The defendant's mother is employed at the Wal-Mart store located in Marion, NC where she works evening shifts. at her. The defendant's mother further testified that there were no children with which the defendant had any contact that were age one year to three months. She stated that the defendant had two daughters ages twelve and ten who reside with their mother.

In the proffer of defendant's counsel, defendant's counsel stated that the defendant had a job that was available to him; that the defendant could reside with his mother and that the defendant's release would not create a danger to any other person or the community.

At the close of the defendant's evidence, the Government moved to dismiss

**Discussion:** 18 U.S.C. § 3142(f)(2) provides, in regard to a detention hearing, as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing of the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The offer of the defendant's mother and father to secure the defendant's release with liens upon their real property may be information that was not known to the defendant at the time of the initial detention hearing. However, the undersigned finds that this information

3

does not have a material bearing on the issue of the release of the defendant. Evidence was presented at the previous hearing regarding the internet conversation that the defendant had with the Australian detective, including descriptions of the images that the defendant sent to the detective. The undersigned further heard evidence from FBI Special Agent Andrew F. Grafton that the defendant had been subject to an investigation in the state of Florida concerning in excess of 90 images and two video tapes the defendant had transmitted from North Carolina to Florida which involved pornographic materials containing images of minor children. The undersigned finds that the additional evidence concerning the securing of the defendant's bond is information that does not have a material bearing on the issue of release. The alleged acts of the defendant have been supported by strong and significant evidence which show acts that clearly and convincingly persuade the undersigned that the release of the defendant would create a risk of harm or danger to any other person or the community.

Based upon the above referenced findings, the undersigned has determined to enter an order dismissing the Motion to Reconsider Detention Order (#13) at the close of the evidence of the defendant.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the Motion to Reconsider Detention Order (#13) is hereby **DENIED**.

Signed: November 1, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge